■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALLEN WILLARD BROWN, Appellant.— Appeal from a judgment of conviction rendered at a Trial Term, County Court, Clinton County. Defendant was indicted in Clinton County on November 22, 1957 for grand larceny on two counts, but was not found until he was arrested in California on January 10, 1958 on a Federal charge. The Clinton County District Attorney notified the Federal authorities he would be willing to extradite defendant; but defendant was sentenced on the Federal charge to a period of three years, and transferred to prison in Lewisburg, Pennsylvania in May, 1958. On March 9, 1959 defendant wrote the Clinton County District Attorney asking to drop the charges against him, and if this were not done he asked for a prompt trial. He was released from Federal prison on April 13, 1960 and arraigned on the New York charge on May 11, 1960. He pleaded guilty to one count of the indictment. Neither he nor his counsel raised any question about undue delay in the prosecution of the indictment; and no motion based on undue delay was made either before or after judgment. Defendant was sentenced to two and one-half to five years and

raises the question of undue delay in his trial for the first time on appeal. We think this is too late. The right to a speedy trial may be. waived (*People* v. *Prosser,* 309 N. Y. 353) and this may occur by the failure of the defendant "to raise the point in time" (*People* v. *White,* 2 N Y 2d 220, 224). In *People* v. *Piscitello* (7 N Y 2d 387, 383) where the indictment was dismissed because defendant did not have a speedy trial, the principle of waiver of such a right by failure to make a motion, passed upon in *People* v. *White* was expressly reaffirmed and it was noted that a waiver might result from "failure to make a motion before or at the trial for a dismissal by reason of such delay." Judgment unanimously affirmed. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.